# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2695

_____

Eugene Kenneth Jones,

          Appellant,

    v.

Alice Pollard-Buckingham; Carl
Gilmore; Dennis L. Blackman; Chuck
Cox; Herbert M. Casey, Atp., security
staff; Vanessa Loyd; John Williams;
Raqueal Dawson; Victor Stewart;
Richard Dixon, Mr.; Edward
Bushmeyer; Jerome Fields; Percy
Harrington; Michael McKinney;
Unknown Diggs, Mrs., classification
staff; Unknown Starks, Co. #1;
Unknown Johnson; Unknown Lynzey;
Unknown Rhodes, Mr.; Unknown
Chancelor, medical staff; Unknown
Lorenzo,

          Appellees.

Appeal from the United States
District Court for the Eastern
District of Missouri.

_____

Submitted: September 5, 2003

Filed: November 12, 2003

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and MELLOY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Missouri inmate Eugene Kenneth Jones appeals the district court's dismissal, without prejudice, of his civil rights action. We grant Mr. Jones leave to proceed in forma pauperis, and we reverse.

Mr. Jones brought this 42 U.S.C. § 1983 action pro se and in forma pauperis against various employees and officials at the St. Louis Medium Security Institution. Using a court-supplied form complaint, Mr. Jones listed nine individual defendants and attached three pages reciting his allegations, in narrative form. The district court twice ordered Mr. Jones to file amended complaints, instructing him to identify in the complaint's caption the name of each defendant he wished to sue, and, in the body of the complaint, to "list each defendant named in the caption of the complaint, and below his or her name briefly set forth the specific factual allegations supporting his claim against the particular defendant, as well as the specific rights that he claims the defendant violated."

Mr. Jones filed amended complaints after each order, each complaint growing in length and number of named defendants. In his second amended complaint, he named fifteen individual defendants and attached thirteen handwritten pages describing in detail the events underlying his claims, and explaining how each defendant was involved. The district court observed that Mr. Jones's statement of claim seemed to reflect that there were additional, unnamed defendants, and that Mr. Jones had not complied with its direction to separately list, in the statement of claim, each defendant's name followed by specific factual allegations against that defendant. The court thus dismissed the action, without prejudice, under Federal Rule of Civil Procedure 41(b) for failure to comply with its order.

We conclude that the district court abused its discretion in dismissing Mr. Jones's complaint. See Rodgers v. Curators of Univ. of Mo., 135 F.3d 1216,

1219 (8th Cir. 1998) (standard of review). Although the complaint was in narrative form, Mr. Jones's recitations clearly identified how each defendant was involved in the conduct about which he complains, which is all the federal rules require. See Fed. R. Civ. P. 8(a)(2) (complaint must include only "short and plain statement of the claim showing that the pleader is entitled to relief"); Swierkiewicz v. Sorema, 534 U.S. 506, 512 (2002) (complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957))); Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam) (pro se complaints are entitled to liberal construction). To the extent the complaint contains allegations against individuals not named as defendants, the district court may refuse to allow Mr. Jones to proceed against those individuals, having warned him repeatedly about the need to identify the individuals he wished to sue in the complaint's caption.

Accordingly, we reverse and remand to the district court for further proceedings. We deny Mr. Jones's other pending motions.

_____